IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DEACON HOPKINS-BEY,

    Plaintiff,

      v.

CHIPOTLE MEXICAN GRILL, INC.,

    Defendant.

CIVIL ACTION FILE
NO. 1:14-CV-2713-TWT

**OPINION AND ORDER**

This is a personal injury action. It is before the Court on the Defendant's

Motion for Summary Judgment [Doc. 28]. For the reasons stated below, the

Defendant's Motion for Summary Judgment is DENIED.

**I. Background**

On July 8, 2012, the Plaintiff, Deacon Hopkins-Bey, and his former wife,

Amanda Hopkins-Bey, ate a late dinner at a Chipotle Mexican Grill in Lawrenceville,

Georgia.[1] They arrived at the restaurant between 9 P.M. and 9:30 P.M. and were there

for approximately 30 to 45 minutes.[2] They then left the restaurant through the rear

---

[1]    Def.'s Statement of Facts ¶ 20.

[2]    <u>Id.</u> ¶¶ 20-21.

door.[3] After returning to their car, Amanda discovered that she had left her cell phone

inside the restaurant.[4] To retrieve the cell phone, the Plaintiff attempted to re-enter the

restaurant through its rear door, but the restaurant had closed, and the door was

locked.[5] The Plaintiff and Amanda then drove to the front of the restaurant to try the

front door.[6] Although the front door was locked as well, the Plaintiff testified that an

employee – Roberto – opened the door for him and let him inside.[7] As the Plaintiff

and Roberto were walking side by side toward the booth area, the Plaintiff slipped and

fell on the floor.[8]

   After the incident, the Plaintiff testified that he saw a stream of water, which he

estimated to be 1.5 feet wide and 5 to 6 feet long, coming from the kitchen to the cash

register area.[9] Additionally, he noted that his shirt and pants were covered in water.[10]

The Plaintiff admitted that he did not see the water before he fell because he was

---

[3]     Id. ¶ 24.

[4]     Id. ¶ 26.

[5]     Id. ¶ 27.

[6]     Id. ¶¶ 28-29.

[7]     Id. ¶ 30.

[8]     Id. ¶ 36.

[9]     Id. ¶ 40.

[10]    D. Hopkins-Bey Dep., at 74.

looking at Roberto instead of the floor.[11] In addition to Roberto, the Plaintiff observed two other employees working at the time of his fall: Samantha was cleaning behind the food bar, and Tito was in the kitchen.[12] The Plaintiff asserts that both Samantha and Tito were in the vicinity of the water, and that it was in their line of sight.[13]

In accordance with Chipotle's cleaning procedure, the "[f]loors must be free of spills, food, and debris at all times."[14] But at the time of incident, it is undisputed that the restaurant was closed, and its employees were performing their nightly cleaning duties.[15] As part of these duties, the employees are responsible for cleaning the floors with soap and water.[16] The Plaintiff asserts that the water on the floor was a result of the nightly cleaning.[17] However, he testified he did not know whether one of the employees placed the water on the floor, or whether any of the employees had knowledge of it.[18] The Plaintiff filed suit in the State Court of Fulton County, asserting

---

[11]     Def.'s Statement of Facts ¶ 39.

[12]     Id. ¶ 38.

[13]     Pl.'s Statement of Facts ¶¶ 18-19.

[14]     Ratelle Aff., Ex. 1.

[15]     Def.'s Statement of Facts ¶ 6.

[16]     Pl.'s Statement of Facts ¶ 16.

[17]     Id. ¶ 17.

[18]     Def.'s Statement of Facts ¶ 44.

a negligence claim against the Defendant Chipotle Mexican Grill, Inc. Chipotle removed the case to this Court and now moves for summary judgment.

## II. Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.[19] The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.[20] The party seeking summary judgment must first identify grounds to show the absence of a genuine issue of material fact.[21] The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.[22] "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party."[23]

## III. Discussion

---

[19]     FED. R. CIV. P. 56(a).

[20]     Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).

[21]     Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

[22]     Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

[23]     Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).

## A. Defendant's Duty of Care

The Defendant first contends that the Plaintiff was a mere licensee at the time of his fall, and, thus, it only owed the Plaintiff a duty to not wantonly or wilfully injure him.  A licensee is "a person who . . . is permitted, expressly or impliedly, to go on the premises [of another] merely for his own interests, convenience, or gratification."[24] "[A]n invitee is someone whom a landowner, by express or implied invitation, induces or leads to come upon his premises for any lawful purpose."[25] Consequently, "[a]n owner owes a duty to an invitee to exercise ordinary care to keep the premises and approaches safe while his duty to a licensee is not to injure the licensee wantonly or wilfully . . . ."[26] When determining whether a party is a licensee or an invitee, the Georgia courts assess whether the party had present business relations with the owner so to make his presence beneficial to both parties.[27]

Here, the Plaintiff was undoubtedly an invitee when he was eating at the restaurant. The question is whether he lost that status when he left the restaurant and

---

[24]     O.C.G.A. § 51-3-2.

[25]     Clark Atlanta Univ., Inc. v. Williams, 288 Ga. App. 180, 181 (2007) (quoting Howard v. Gram Corp., 268 Ga. App. 466, 467 (2004)); see also  O.G.G.A. § 51-3-1.

[26]     Jarrell v. JDC & Assoc., LLC, 296 Ga. App. 523, 525 (2009).

[27]     Id.

later returned to it to retrieve the cell phone. The Defendant argues that the Plaintiff

lost his status because when he re-entered the restaurant, he was doing so solely for

his own benefit. To support its argument, the Defendant first cites two cases – Todd

v. Byrd[28] and Leach v. Inman[29] – in which the plaintiffs were deemed licensees

because they entered businesses for their own interests. But Todd and Leach are

factually distinguishable from the instant case: neither of those plaintiffs had

contracted with the owner of the premises prior to their injuries. For example, in Todd,

the plaintiff went on the defendant's premises solely to use the bathroom,[30] and, in

Leach, the plaintiff went on the premises only to seek employment.[31]  Here, the

Plaintiff was a regular customer at the restaurant and had entered it as an invitee about

an hour prior to his fall, making his visit to the restaurant beneficial to both parties.

Moreover, likely the only reason the Plaintiff was allowed to re-enter the restaurant

is because he had just eaten there. Thus, in the instant case, unlike in Todd and Leach,

a jury could find the Plaintiff still had present business relations with the Defendant.

---

[28]   283 Ga. App. 37 (2006), overruled on other grounds by Ferrell v. Mikula, 295 Ga. App. 326 (2008).

[29]   63 Ga. App. 790 (1940).

[30]   283 Ga. App. at 38.

[31]   63 Ga. App. at 793.

Next, the Defendant contends that because the Plaintiff re-entered the restaurant after it had closed, he should be deemed a licensee. The Defendant cites Armstrong v. Sundance Entertainment, Inc.[32] and Flagler Co. v. Savage[33] to support this contention. However, once again, Armstrong and Flagler are distinguishable from the Plaintiff's situation. In both of those cases, the plaintiffs had left the premises for lengthy periods of time and then returned after the businesses had closed. Here, the Plaintiff never even left the parking lot of the restaurant and subsequently re-entered the restaurant less than three minutes after leaving it. To be sure, the restaurant was closed and had locked its doors. But the Plaintiff's very short departure into the parking lot after having eaten at the restaurant creates a material issue of fact as to whether the Plaintiff had left the Defendant's premises. It would, therefore, be inappropriate for this Court to conclude that the Plaintiff was a licensee as a matter of law.

**B. Defendant's Negligence**

The Defendant asserts that, even assuming the Plaintiff was an invitee, it is still entitled to summary judgment because he cannot prove that Chipotle was negligent. In Georgia, "[w]here an owner or occupier of land, by . . . invitation induces . . . others

---

[32]   179 Ga. App. 635, 636 (1986).

[33]   258 Ga. 335, 337 (1998).

to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe."[34] While "the owner/occupier is not required to warrant the safety of all persons from all things," the owner/occupier must "exercise . . . diligence toward making the premises safe," including "inspecting the premises to discover possible dangerous conditions of which the owner/occupier does not have actual knowledge, and taking reasonable precautions to protect invitees from dangers foreseeable from the arrangement or use of the premises."[35] Specifically, for slip-and-fall cases, "[t]o prove negligence . . . the plaintiff must show (1) the defendant had actual or constructive knowledge of the foreign substance and (2) the plaintiff lacked knowledge of the substance or for some reason attributable to the defendant was prevented from discovering it."[36]

Here, as evidence of the Defendant's actual knowledge, the Plaintiff contends that it is reasonable to infer that an employee placed the water on the floor. The Plaintiff notes that he did not see any water as he ate at the restaurant, and after he exited the restaurant, the employees began to perform their nightly cleaning

---

[34]     O.C.G.A. § 51-3-1.

[35]     Robinson v. Kroger Co., 268 Ga. 735, 740 (1997).

[36]     Shepard v. Winn Dixie Stores, Inc., 241 Ga. App. 746, 747 (1999).

procedure. As part of Chipotle's cleaning procedure, the floors must be mopped with soap and water. Thus, according to the Plaintiff, "[t]he only reasonable explanation for how the water got there was that it was put there by a Chipotle employee . . . ."[37]

In response, the Defendant argues that the Plaintiff has failed to demonstrate that any of the employees had actual knowledge of the water. And, indeed, the Plaintiff testified that he did not know whether the three employees had actual knowledge of the water.[38] The Defendant further notes that the water could have come from a number of places, such as a broken pipe or an overflowing sink. But at the summary judgment stage, "[i]f reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment."[39] And based on the evidence presented here, there is a question of fact as to how the water got on the floor. Consequently, the Court cannot conclude as a matter of law that the Defendant did not have actual knowledge of the water.

In addition to actual knowledge, the Plaintiff may prevail at the summary judgment stage by demonstrating a material issue of fact exists as to the Defendant's

---

[37]    Pl.'s Resp. Br., at 14.

[38]    D. Hopkins-Bey Dep., at 78.

[39]    Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Miranda v. B & B Cash Grocery Store, Inc., 975 F.2d 1518, 1534 (11th Cir. 1992)).

constructive knowledge. Constructive knowledge can be proven by demonstrating "(1) that an employee of the proprietor was in the immediate area of the hazardous condition and could have easily seen the substance or (2) that a foreign substance remained on the floor for such a time that ordinary diligence by the proprietor should have affected its discovery."[40]

Here, the Plaintiff only seeks to impute constructive knowledge under the first prong. "To impute knowledge under this theory, Plaintiff has the burden to establish first, that an employee was working in the immediate area of the hazard and second, that the employee must have been in a position to have easily seen the substance and removed it."[41] The Plaintiff's testimony indicates that there were two employees – one cleaning behind the food bar and one in the kitchen – in the immediate vicinity of the water stream. Moreover, based on the layout of the store, the Plaintiff argues that both employees had an unobstructed view of the water. The Defendant disputes this claim, asserting that the Plaintiff's testimony demonstrates that he does not know whether the employees could see the water. Nevertheless, where there is evidence that the hazard was visible and an employee was in the vicinity, the Georgia courts have held

---

[40]     J.H. Harvey Co. v. Reddick, 240 Ga. App. 466, 470 (1999).

[41]     Webster v. Southern Family Mkts. of Milledgeville N. LLC, No. 5:11-CV-00053, 2012 WL 426017, at *4 (M.D. Ga. Feb. 9, 2012).

that a question of fact exists as to whether the defendant had constructive knowledge of the foreign substance.[42] Here, the stream's size – 7.5 to 9 square feet in area – creates an inference that the water was readily visible to the employees in its vicinity. Thus, a material issue of fact exists as to whether the Defendant had constructive knowledge of the water.

Finally, the Defendant contends that summary judgment is proper because the Plaintiff had superior, or at least equal, knowledge of the water and did not exercise ordinary care when walking through the restaurant. Specifically, the Defendant argues that the Plaintiff was aware that the restaurant was being cleaned, and that because he was walking beside the employee who let him inside of the restaurant, he had the first opportunity to view the water. Additionally, the Defendant notes that the Plaintiff was looking at the employee, instead of where he was walking, when he fell.

While it is true that "it is incumbent upon the plaintiff to use the degree of care necessary under the circumstances to avoid injury to [himself],"[43] "it is the plaintiff's knowledge of the specific hazard precipitating a slip and fall which is determinative,

---

[42] See, e.g., Ramotar v. Kroger Co., 322 Ga. App. 28, 31 (2013) (holding that a question of fact existed because several employees had an unobstructed view of the substance).

[43] Pope v. Target Stores, Inc., No. 2:05-CV-81-WCO, 2006 WL 734603, at *3 (N.D. Ga. Mar. 17, 2006) (quoting Gaydos v. Gupe Real Estate, 211 Ga. App. 811, 812 (1994)).

not merely his knowledge of generally prevailing hazardous conditions . . . ."[44] Here, although the Plaintiff may have been aware that the employees were cleaning up for the night, there is no evidence to indicate that he was aware of this particular stream of water. Additionally, "[i]n routine cases of premises liability, . . . the plaintiff's lack of ordinary care for personal safety [is] generally not susceptible of summary adjudication . . . ."[45] Thus, it would be improper to conclude as a matter of law that the Plaintiff had superior, or even equal, knowledge of the water, or that he did not exercise ordinary care.

## IV. Conclusion

For the reasons stated above, the Defendant's Motion for Summary Judgment [Doc. 28] is DENIED.

SO ORDERED, this 13 day of October, 2015.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

---

[44]  Sanderson Farms, Inc. v. Atkins, 310 Ga. App. 423, 428 (2011) (quoting Barton v. City of Rome, 271 Ga. App. 858, 861 (2005) (footnote omitted)).

[45]  Food Lion v. Walker, 290 Ga. App. 574, 577 (2008) (quoting Robinson v. Kroger Co., 268 Ga. 735, 749 (1997)).